IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WALTER JAMES GRACE, D.D.S., )
1712 Eye Street, N.W., Suite 412 )
Washington, D.C. 20006 )
              Plaintiff, )  Civil Action No.
)
v. )  DEMAND FOR JURY TRIAL
)
TAKARA BELMONT USA, INC. )
101 Belmont Drive )
Somerset, New Jersey 08873, )
         and )
BENCO DENTAL COMPANY )
295 Centerpoint Boulevard )
Pittston, Pennsylvania 18640, )
         and )
JOHN DOES 1 through 10, )
)
              Defendants. )

## COMPLAINT

### Demand for Jury Trial

The Plaintiff, WALTER JAMES GRACE, D.D.S., demands a trial by jury and for his Complaint and alleges as follows.

### Jurisdiction and Venue

1. This civil action is for monetary damages in excess of seventy-five thousand dollars ($75,000) exclusive of pre-judgment interest, attorney fees, and costs.

2. This Court has jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. §§ 1332(a)(1).

3. Venue is proper under 28 U.S.C. §§ 1391(b)(2).

4. This Court has personal jurisdiction over the non-resident Defendants under the District of Columbia Long-Arm Statute § 13-423 because:

(a) A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's –
    (1) transacting any business in the District of Columbia;
    (2) contracting to supply services in the District of Columbia; and
    (3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia.

5. The Defendants and their conduct fall within the District of Columbia's Long-Arm Statute because they each breached a legally enforceable contract in this district by failing to perform acts required by the contract to be performed in this district. Moreover, each Defendant operates, conducts, engages in, or carries on a business or business venture within this district, committed tortious acts causing damages in this district, and/or has an agency or affiliation in the District of Columbia.

6. The wrongful acts described herein, namely, the Defendants conducting business with the Plaintiff in District of Columbia, as described infra, the Defendants shipping defective goods to Plaintiff in the district pursuant to their contract, as described infra, and the Defendants committing tortious acts and materially breaching the subject contract with Plaintiff in the district, as described infra, all subject the Defendants to personal jurisdiction in the district pursuant to the District of Columbia's Long-Arm Statute.

7. Venue is proper in the United States District Court for the District of Columbia pursuant to 28 U.S.C. §§ 1391(b)(2). The Defendants committed a substantial portion of the acts and omissions complained of herein within the District of Columbia, including failing to deliver non-defective and/or properly installed goods to the Plaintiff in the District of Columbia.

## Parties

8. The Plaintiff, WALTER JAMES GRACE, D.D.S. ("Dr. Grace"), is a sole proprietor organized under the laws of the District of Columbia with a principal place of business at 1712 Eye Street, N.W., Suite 412, Washington, D.C. 20006.

9. The Defendant, TAKARA BELMONT USA, INC. ("Belmont"), is a corporation organized under the laws of New Jersey with its principal place of business at 101 Belmont Drive, Somerset, New Jersey 08873.

10. The Defendant, BENCO DENTAL COMPANY ("Benco Dental"), is a corporation organized under the laws of Pennsylvania with its principal place of business at 295 Centerpoint Boulevard, Pittston, Pennsylvania 18640.

11. The Defendants DOES 1 through 5 are individuals who reside and/or conduct business within this Judicial District. Further, Does 1 through 5 directly and personally contributed to, induced, and engaged in the sale of defective products as alleged herein as employees, contractors, partners, business associates, collaborators, or vendors to the named Defendants. The Plaintiff is presently unaware of the true names of Does 1 through 5. The Plaintiff will amend this Complaint upon discovery of the identities of such defendants.

12. The Defendants DOES 6 through 10 are business entities which reside and/or conduct business within this Judicial District. Moreover, Does 6 through 10 directly engaged in the sale of defective products as alleged herein as contractors, financiers, partners, business associates, collaborators, or vendors to the named defendants. The Plaintiff is presently unaware of the true names of Does 6 through 10. The Plaintiff will amend this Complaint upon discovery of the identities of such defendants.

## Background

13. Dr. Walter J. Grace has practiced and continues to practice dentistry at 1712 Eye Street in the District of Columbia since 1985.

14. Belmont manufactures and sells dental equipment, including dental chairs and accessories, throughout the United States and in this Judicial District.

15. Benco Dental sells and distributes dental equipment, including Belmont dental equipment in multiple states, including this Judicial District, to dental professionals and others. Benco Dental routinely conducts business in the District of Columbia.

16. In late 2017 Dr. Grace's landlord offered to extend his lease and to provide an allowance for renovating the suite. Dr. Grace entered into the extension of the lease with his landlord, which included the details of the renovation. In early 2018 the plans for the renovation were further developed, and Dr. Grace, the landlord, and the contractor began to make specific arrangements for constructing the renovation. In preparation for this renovation, Dr. Grace contacted Benco Dental to solicit offers for new dental equipment to be installed when the contractor completed the renovation.

17. Dr. Grace has been a consistent customer of Benco Dental throughout his professional practice. Dr. Grace communicated primarily with Mr. Scott Jack, a Benco Dental sales representative, and occasionally, Mr. Scott Gorshing, who also represents Benco Dental. Throughout these early discussions, Dr. Grace informed Mr. Jack of the planned renovation of Dr. Grace's suite and the necessity for deliveries of equipment to be coordinated with Dr. Grace, the building landlord, and the contractor. Throughout these negotiations, Dr. Grace made it clear that an exact delivery date could not be determined because the renovation had to be completed

before any delivery of dental equipment. Benco's representatives acknowledged an understanding of this condition.

18. At the time of these early negotiations, Dr. Grace expressed to Mr. Jack a belief that the earliest date for the installation of any purchased equipment would be in July or August 2018. Dr. Grace kept Mr. Jack and other suppliers informed of the progress of the build-out throughout the construction period. Mr. Jack indicated to Dr. Grace that, if the construction "wasn't ready, give him [Mr. Jack] a call." Dr. Grace talked with both Messrs. Jack and Gorshing about the delivery times. Dr. Grace gave them the names of the contractors and asked Messrs. Jack and Gorshing to get in touch with the contractors for both the delivery time and structural requirements (i.e., plumbing, electrical support in the walls, etc.). Upon information and belief, Mr. Scott Jack is Defendant John Doe Number 1.

19. Dr. Grace entered into an Equipment Sales Agreement with Benco Dental on March 28, 2018. The equipment purchased in this agreement comprises two Belmont dental chairs with various accessories and one Vatec Pax-I 2D panoramic X-ray machine. Dr. Grace was billed $76,317.36 for this Equipment Sales Agreement and paid this amount in full. (Equipment Sales Agreement of March 28, 2018.) Upon information and belief, Mr. Scott Gorsching is Defendant John Doe Number 2.

20. Benco Dental without prior notice to Dr. Grace, his landlord, or the contractor brought the equipment purchased by Dr. Grace to Dr. Grace's building. The renovation had not yet been completed, and Dr. Grace's offices were full of dust and debris from construction. Dr. Grace, who was surprised by the unexpected attempt to deliver the equipment, refused the delivery but

spoke with a building contractor who indicated that Dr. Grace's offices would be cleaned up and ready on the Friday of that week. The Benco Dental delivery personnel left with the equipment.

21. Benco Dental engaged in punitive behavior toward Dr. Grace and made Dr. Grace wait two weeks past the anticipated Friday delivery date. No prior notice or explanation was provided to Dr. Grace regarding this punitive delay of the delivery. When Benco Dental eventually arrived at Dr. Grace's offices to install the equipment, Dr. Grace was informed that at least two full days were required to make the installation. Dr. Grace, during this extended period of delay and installation, lost two weeks wherein he could not provide dental services.

22. When Benco Dental returned to deliver the equipment to Dr. Grace's offices, the Benco Dental installers did not know how to install the equipment. Furthermore, at least both Belmont chairs were defective at the time of this delivery to Dr. Grace's offices. Dr. Grace immediately informed the installers as well as Benco Dental's equipment representative that Dr. Grace did not want the specific, defective equipment being delivered but wanted new equipment. Benco Dental's equipment representative asked Dr. Grace to allow the equipment to be installed but told Dr. Grace that it would be subsequently replaced with new equipment. Dr. Grace relied upon this representation and permitted the installation of the equipment to continue while believing and relying upon the representation that the equipment would be replaced.

23. At least the two Belmont chairs that were left at Dr. Grace's offices could not be used. Benco Dental again sent installers to repair the equipment.

24. During the period when the equipment delivered by Benco Dental was in Dr. Grace's offices but not installed, Dr. Grace lost at least two patients, one of whom required an emergency

root canal. This and other revenue was lost during this period when Dr. Grace was unable to provide dental services.

25. Belmont eventually sent a Belmont engineer to Dr. Grace's offices to inspect the equipment delivered by Benco Dental and to attempt any repair of the equipment possible. The repairs did not remedy the problems for very long. Dr. Grace told the Belmont engineers at the time the repairs were being attempted that he expected the two chairs to be replaced. Dr. Grace refused to sign and has not signed the release form. The one Belmont chair in particular continues to endanger patients in that its arm swings out of position and cannot be safely secured when a patient is in the chair. On one occasion the swinging arm resulted in a contaminated dental drill stabbing Dr. Grace's hand and breaking the skin.

26. Benco Dental never inspected and never executed a document stating that "Equipment installation will begin when Benco's final inspection verifies that contractors have properly completed all work." (Equipment Sales Agreement at "C.3" of the Terms and Conditions.) The attempted first delivery, the subsequent delivery, and the multiple attempts to install the equipment were completed in violation of this clause and, thereby, render Section H of the Terms and Conditions void. Further, some or all of the equipment was never properly installed and/or properly operational.

27. The equipment sales agreement with Benco Dental involved the Clarion Financial Company. Dr. Grace paid the full amount owed under the agreement to Clarion. Without informing Dr. Grace, Clarion paid Benco Dental in full. Dr. Grace had been under the impression that Clarion would hold the money in escrow or trust until Dr. Grace informed

Clarion that the equipment subject to the financial agreement was properly installed and fully functional.

## COUNT 1
## Breach of Contract

28. Paragraphs 1 through 27 are adopted and incorporated herein by reference.

29. The Defendants, including at least Belmont and Belmont's agent and authorized representative Benco Dental, breached the Equipment Sales Agreement of March 28, 2018.

30. Belmont, through and in concert with its authorized representative Benco Dental, offered to sell and install new Belmont dental equipment to Dr. Grace. This dental equipment includes two precision-built dental chairs and accessories suitable for in the practice of dentistry.

31. Dr. Grace accepted this contract.

32. Dr. Grace paid the full amount of consideration required by this contract.

33. Dr. Grace performed all conditions, covenants, and promises in accordance with the contract.

34. The Defendants breached the contract without legal or contractual justification. The dental chairs and accessories were defective upon delivery and were refused by Dr. Grace. Dr. Grace was promised by a representative of Benco Dental that, if he accepted the installation of the Belmont dental equipment at that time, the Belmont dental equipment would be replaced with new equipment.

35. Representatives from Belmont and from Benco Dental made repeated attempts to repair the defective Belmont dental equipment but failed to do so in breach of the Equipment Sales Agreement.

36. Dr. Grace, as a direct and proximate result of the Defendants' breaches, has been damaged by the breach of the contact by Belmont and Benco Dental. The breach of contract has caused Dr. Grace to suffer monetary damages and specific damages including denial of new, fully safe and operational Belmont dental equipment and by causing his dental practice lost business, revenue, and profits. Dr. Grace will continue to be so harmed as long as Belmont and/or Benco Dental remain in breach of the contract.

## COUNT 2
### Breach of Contract

37. Paragraphs 1 through 36 are adopted and incorporated herein by reference.

38. The Defendants, including at least Benco Dental, breached the Equipment Sales Agreement of March 28, 2018.

39. Benco Dental offered to sell and install new dental equipment, including an x-ray machine, not manufactured by Belmont to Dr. Grace.

40. Dr. Grace accepted this contract.

41. Dr. Grace paid the full amount of consideration required by this contract.

42. Dr. Grace performed all conditions, covenants, and promises in accordance with the contract.

43. The Defendants breached the contract without legal or contractual justification. The non-Belmont x-ray machine was refused by Dr. Grace upon delivery. The x-ray machine was never fully installed.

44. Benco Dental refused and continues to refuse to complete the x-ray machine's installation in breach of the Equipment Sales Agreement.

45. Dr. Grace, as a direct and proximate result of the Defendants' breaches, has been damaged by the breach of the contact by Benco Dental. The breach of contract has caused Dr. Grace to suffer monetary damages and specific damages including denial of a safely installed x-ray machine and by causing his dental practice lost business, revenue, and profits. Dr. Grace will continue to be so harmed as long as Belmont and/or Benco Dental remain in breach of the contract.

## COUNT 3
### Breach of Implied Warrant, Merchantability, and Usage of Trade

46. Paragraphs 1 through 45 are adopted and incorporated herein by reference.

47. The Defendants, including at least Belmont and Belmont's authorized representative Benco Dental, breached the implied warrant for the Belmont dental equipment sold to Dr. Grace by the Equipment Sales Agreement of March 28, 2018.

48. Belmont, through and in concert with its authorized representative Benco Dental, offered to sell and install new Belmont dental equipment to Dr. Grace. This dental equipment includes two precision-built dental chairs and accessories suitable for the practice of dentistry. This precision-built Belmont dental equipment was sold with the implied warranty that the goods are merchantable such as to:

> pass without objection in the trade under contract description;

> be fit for the ordinary purposes for which the dental equipment is used;

> run, within the variations permitted by the agreement, of even kind, quality, and quantity within each unit and among all units involved; and

> conform to the promises or affirmations of fact made on the labeling and literature for the dental equipment.

The Belmont dental equipment sold to Dr. Grace does not comply with its implied warranty in accordance with the Code of the District of Columbia § 28:2-314.

49. The Belmont dental equipment delivered to Dr. Grace is a safety hazzard to dental patients.

50. Representatives from Belmont and from Benco Dental have repeatedly acknowledged that the Belmont dental equipment delivered to Dr. Grace does not meet its implied standards, warranties, and/or fitness for the ordinary purposes for which the dental equipment was built and sold.

51. Dr. Grace has been damaged by the breach of the implied warranty by the Belmont dental equipment. The breach of the implied warranty has damaged Dr. Grace by denying him new, fully safe and operational Belmont dental equipment for the safe use with his patients and by causing his dental practice lost revenue. Dr. Grace will continue to be so harmed as long as Belmont and/or Benco Dental remain in breach of the contract.

### COUNT 4
### Unfair or Deceptive Trade Practices

52. Paragraphs 1 through 51 are adopted and incorporated herein by reference.

53. The Defendants, including at least Belmont and Belmont's agent and authorized representative Benco Dental, engaged in unfair or deceptive trade practices under the Code of the District of Columbia, Consumer Protection Procedures Act ("CPPA") § 28-3904 in the sale and/or installation of at least the Belmont dental equipment sold to Dr. Grace by the Equipment Sales Agreement of March 28, 2018.

54. Dr. Grace has a private right of action under the CPPA at the District of Columbia Code § 28-3905(k)(1).

55. Belmont, through and in concert with its agent and authorized representative Benco Dental, offered to sell and install new Belmont dental equipment to Dr. Grace. This dental equipment includes two precision-built dental chairs and accessories suitable for in the practice of dentistry. This precision-built Belmont dental equipment was sold through the unfair and deceptive trade practices of:

> representing that goods, the Belmont dental equipment, are original or new when in fact the dental equipment was deteriorated;
>
> representing that goods, the Belmont dental equipment, are of particular standard and quality when in fact the goods are of another;
>
> misrepresenting as to a material fact which had a tendency to mislead Dr. Grace that the Belmont dental equipment would be replaced and/or would be repaired;
>
> using innuendo or ambiguity as to a material fact, which had a tendency to mislead Dr. Grace into believing the purchased dental equipment would be replaced;
>
> offering goods and/or services to Dr. Grace without the intent to sell them as advertised or offered;
>
> ceasing work on an electrical or mechanical apparatus, the Belmont dental equipment, in other than the condition contracted for; and/or
>
> falsely stating or representing that repairs, alterations, modifications, or servicing had been made and receiving remuneration therefor when they had not been made.

56. The Belmont dental equipment delivered to Dr. Grace is a safety hazzard to dental patients and Dr. Grace.

57. Representatives from Belmont and from Benco Dental have repeatedly acknowledged that the Belmont dental equipment delivered to Dr. Grace does not meet its standards and/or required fitness for the ordinary purposes for which the dental equipment was built and sold.

58. Dr. Grace has been damaged by the unfair or deceptive trade practices of Belmont and/or Benco Dental. These unfair or deceptive trade practices damaged Dr. Grace by denying him new, fully safe and operational Belmont dental equipment for the safe use with his patients and by causing his dental practice lost revenue.

## PRAYER FOR RELIEF

59. The Plaintiff Dr. Grace seeks judgment as follows:

(A) An award of judgment to Dr. Grace on all counts of this Complaint;

(B) That this Court order damages including but not limited to Dr. Grace's lost business, revenue, and profits for the time that he was unable to practice dentistry due to the Defendants' malfeasance;

(C) That Dr. Grace be awarded compensatory damages under the law of the District of Columbia and/or common-law in an amount to be determined at trial;

(D) That Dr. Grace be awarded its actual damages suffered by him as a result of the malfeasance of the Defendants;

(E) That Dr. Grace be awarded the maximum enhanced and/or punitive damages and other damages allowed by law;

(F) That Dr. Grace receive under the CPPA trebled damages (or $1,500 per violation, if greater), punitive damages, and attorney fees for the unlawful trade practices;

(G) That Dr. Grace recover costs, including its reasonable attorney fees and disbursements in this action;

(H) That Dr. Grace have pre-judgment and post-judgment interest on all amounts awarded in this action; and

(I) That Dr. Grace be granted such other and further relief as this Court deems just and proper.

Counsel for the Plaintiff submits this complaint to the Court.

### VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct.

**EXECUTED ON:**

04/24/2019
Date

**Walter J. Grace, D.D.S.**

Respectfully submitted,

29 Apr 2019
Date

Paul Grandinetti
(D.C. Bar No. 384,996)
LEVY & GRANDINETTI
1120 Connecticut Avenue NW, Suite 304
Washington, D.C. 20036

Telephone (202) 429-4560
Facsimile (202) 429-4564
mail@levygrandinetti.com

**Trial Attorney for the Plaintiff**